# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

CURTIS BASCOM,

    Plaintiff,

v.

HILTON HALL; and DR. ANDREW TAM,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-130

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently an inmate at Autry State Prison in Pelham, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) Plaintiff also filed and was granted a Motion for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 4.) For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's supervisory claims against Defendant Hilton Hall, and **DENY** Plaintiff leave to appeal *in forma pauperis*. However, Plaintiff's allegations arguably state a colorable Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Tam and a colorable First Amendment retaliation claim against Defendant Hall; these claims shall proceed. Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendants with a copy of Plaintiff's Complaint and this Order.

# PLAINTIFF'S ALLEGATIONS[1]

On May 6, 2016, at approximately 2:30 p.m., Plaintiff was assaulted by another inmate at Coffee Correctional Facility in the Unit 4 dorm, breaking his jaw in two places. (Doc. 1, p. 5.) Plaintiff was not allowed medical care until the following day at 10:30 a.m., whereupon Defendant Dr. Andrew Tam diagnosed Plaintiff with a broken jaw and determined he would need outside surgery. (Id.) Plaintiff was taken to the Mayo Clinic in Waycross, Georgia, that same day, May 7, 2016, but did not have his jaw wired because there was no available oral surgeon. (Id. at p. 6.) Upon return to Coffee Correctional, Plaintiff was placed in the medical unit where he was not given any medication for several days as he awaited an available medical professional. On May 10, 2016, Dr. Mosely wired Plaintiff's jaw shut at an off-site facility. After surgery, Plaintiff was placed back in the medical unit, still without any medication for pain or swelling. Defendant Tam informed Plaintiff that he would need to remain in the medical unit for up to six weeks while he recovered, but on May 12, 2016, Defendant Tam discharged Plaintiff due to needed cell space. Plaintiff requested protective custody but was denied.

On May 18, 2016, Plaintiff was again assaulted by numerous inmates in the Unit 4 dorm, breaking Plaintiff's jaw a second time. During this assault, Plaintiff was stabbed multiple times, had his knee dislocated, and his toe cut. Plaintiff was taken to medical where he remained for over three weeks until he could walk on his own. (Id.) Plaintiff was then placed in segregation where he filed a grievance regarding his medical care. (Id. at pp. 6–7.) Plaintiff's grievance allegedly caused a retaliatory transfer to another institution on June 17, 2016, before his jaw had sufficient time to heal. (Id.) The doctor at Plaintiff's new institution improperly removed the wires in Plaintiff's jaw and now Plaintiff suffers "excruciating" pain when he talks. (Id. at p. 7.)

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

Plaintiff argues Defendant Tam violated his rights by discharging him from the medical unit before his jaw could heal and subjecting him to subsequent harm, despite Plaintiff's security classification and Defendant Tam's knowledge that Plaintiff needed more time to heal. (Id.) As relief for these alleged constitutional violations, Plaintiff seeks compensatory and punitive damages and any other relief to which he is entitled. (Id. at p. 8.)

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis* under 42 U.S.C. § 1983. (Docs. 2, 4.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set

of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010) (per curiam). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse

mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law, which the Court discusses as follows.

## DISCUSSION

### I. Deliberate Indifference to Serious Medical Needs Claims

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

Thus, in order to prove a deliberate indifference to medical care claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first component, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). Under the second,

subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, the subjective component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).[2]

"Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). Additionally, a defendant who "delays necessary treatment for non-medical reasons" or "knowingly interfere[s] with a physician's prescribed course of treatment" may exhibit deliberate indifference. Id. (citations omitted).

In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the Court considers "the reason for the delay and the nature of the medical need." Farrow v. West, 320 F.3d 1235, 1246 (11th Cir. 2003) (citing McElligott, 182 F.3d at 1255). When a claim turns on the quality of treatment provided, however, "'a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference." Melton, 841 F.3d at 1224 (quoting Harris, 941 F.2d at 1505). In other words, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 104. Furthermore, deliberate indifference is not established when

---

[2] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is inconsistent. Compare Goebert, 510 F.3d at 1327, with Bingham, 654 F.3d at 1176. In Melton, the Eleventh Circuit directly addressed this discrepancy and found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Accordingly, this Court will apply the "more than mere negligence" standard.

6

an inmate receives medical care, but "may have desired different modes of treatment." Hamm v. Dekalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

Plaintiff has arguably stated a plausible claim for deliberate indifference to his serious medical needs against Defendant Dr. Andrew Tam. In his Complaint, Plaintiff shows that: he had a serious medical need, a broken jaw; Defendant Tam knew of this need as his treating dentist and how long the jaw needed to heal following surgery; and Defendant Tam's decision to discharge Plaintiff from the medical unit just days into his recovery caused him to be subjected to subsequent injury and harm. (Doc. 1, pp. 5–7.) Moreover, Plaintiff's allegations arguably show that Defendant Tam's decision to discharge Plaintiff early from the medical unit was more than mere negligence. Defendant Tam discharged Plaintiff, not because of a medical difference in Plaintiff's diagnosis or condition, but because he wanted so save space. See Fields v. Corizon Health, 490 F. App'x 174, 185 (11th Cir. 2012) (per curiam) ("[C]ost is not a factor which can justify the lack of timely medical treatment for [a serious medical need]." (citing Ancata v. Prison Health Servs., 769 F. 2d 700, 705 (11th Cir. 1985); Anderson v. City of Atlanta, 778 F.2d 678, 688 n.14 (11th Cir. 1985)). By denying Plaintiff the ability to safely recover from a serious injury while under medical supervision, Defendant Tam essentially provided no recovery treatment at all. Accordingly, Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Tam shall proceed.

## II.     Claims Against Defendant Hilton Hall

### A.     Retaliation

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207,

1212 (11th Cir. 2011). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (internal citation and punctuation omitted)). "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant, 637 F.3d at 1212. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Liberally construing Plaintiff's Complaint, the Court finds Plaintiff has stated a plausible retaliation claim against Defendant Hall. Although Plaintiff does not directly state Defendant Hall transferred him from Coffee Correctional Facility in retaliation for Plaintiff's grievance, he implies as much. (Doc. 1, p. 6–7.) Plaintiff claims he filed a grievance complaining about the deficient medical care he received there and was then transferred seven days later. (Id.) Thus, Plaintiff has shown constitutionally protected speech, a retaliatory transfer to a prison with inadequate dental staff, and temporal proximity sufficient to show causation. At this stage of the litigation, Plaintiff's allegations are enough to survive frivolity review. As explained below, however, because supervisory liability is unavailable under Section 1983, the Court forewarns Plaintiff that he must show Defendant Hall's personal involvement in order to successfully maintain this claim.

### B. Supervisory Liability

To the extent Plaintiff seeks to hold Defendant Hall liable for Defendant Tam's alleged Eighth Amendment violations based on his position as warden, Plaintiff is unable to do so. Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Brady, 133 F.2d at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam).

Here, Plaintiff fails to make any factual allegations related to Defendant Hall's role in Plaintiff's alleged deficient medical care, much less any allegations sufficient to show Defendant Hall's direct participation in or causal connection to the alleged deprivation of his constitutional rights. Moreover, Plaintiff shows no facts giving rise to the inference of a custom or policy or widespread abuse related to his medical claims. While Plaintiff ostensibly implies Defendant Hall is liable based on his position and control as warden of Coffee Correctional Facility, such supervisory allegations are an insufficient basis for Section 1983 liability. Accordingly, because

Plaintiff may not hold Defendant Hall liable for Defendant Tam's alleged Eighth Amendment violation, the Court should **DISMISS** Plaintiff's deliberate indifference claims against him.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's supervisory claims against Defendant Hilton Hall, and **DENY** Plaintiff leave to appeal *in forma pauperis*. However, Plaintiff's allegations arguably state a colorable Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Tam and a colorable First Amendment retaliation claim against Defendant Hall; these claims shall proceed. Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendants with a copy of Plaintiff's Complaint and this Order.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIMS

As stated above, Plaintiff's Amended Complaint, as clarified and supplemented in his Brief, arguably states colorable claims against Defendants for deliberate indifference to serious medical needs. Consequently, a copy of Plaintiff's Amended Complaint, Brief, and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further

11

advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly**

13

**from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants'

motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

15